UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNION INSURANCE COMPANY | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 4:22-cv-01180 |
| v. | ) | |
| CSAC, INC. and SADE M. CRAWFORD, | ) | |
| Defendants. | ) | |

## Defendants' Reply in Support of their Motion to Dismiss

Defendants CSAC, Inc. ("CSAC") and Sade M. Crawford ("Crawford") (collectively, the "Defendants"), through counsel, submit this Reply memorandum in support of their Motion to Dismiss or Stay Plaintiff Union Insurance Company's ("Union's") Complaint for Declaratory Judgment.

## Introduction

The Declaratory Judgment Act allows district courts the discretion whether to decide the presented dispute; it does not give claimants the absolute right to have the dispute decided. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *see also* U.S.C. § 2201(a). The Eighth Circuit has directed district courts that their key consideration before exercising discretion is a determination whether the dispute is better settled in a pending state court proceeding. *Greenwich Ins. Co. v. Matt Murray Trucking*, No. 4:21CV202 DDN, 2021 WL 4902326, at *4 (E.D. Mo. Oct.21, 2021); *see also Capital Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). Here, Union does not allege a federal question and its Complaint should be adjudicated in the pending parallel state court action, *CSAC, Inc. v. Sade Crawford* (the "underlying state court action").

1

## Argument

Union argues the underlying state court action is not a parallel proceeding for purposes of the abstention doctrine (Union's Suggestions, p. 5–8); a final judgment in the state court action is too speculative (Union's Suggestions, p. 8–9); and the *Scottsdale Ins. Co. v. Detco Inds., Inc.,* 426 F.3d 994 (8th Cir. 2005) six-factor test weighs in its favor (Union's Suggestions, p. 9–13). Union is wrong. The underlying state court action is a parallel proceeding warranting this Court's discretion to dismiss or stay this action, per the Eastern District of Missouri in *Greenwich*, a finding which precludes the *Scottsdale* test. *Greenwich Ins. Co.*, 2021 WL 4902326 at *5. Even if the underlying state court action is not a parallel proceeding (it is), the *Scottsdale* factors weigh in Defendants' favor. Finally, no federal claims or defenses are involved in either action. See, e.g., *James River Ins. Co. v. Impact Strategies, Inc.*, 699 F.Supp.2d 1086, 1090 (E.D. Mo. 2010) (holding that a declaratory judgment action by an insurer, seeking to determine whether it had a duty to defend and indemnify an insured pursuant to commercial general liability policy with respect to claims in a state court action, was parallel to the underlying state court action). Accordingly, this Court should dismiss or stay Union's Complaint.

Lawsuits are parallel if "substantially the same parties litigate substantially the same issues in different forums. The state court proceeding must present the same issues, not governed by federal law, between the same parties," and the district court must determine whether all necessary parties have been joined and if those parties' claims can be satisfactorily adjudicated in the state court proceeding. *Greenwich Ins. Co.*, 2021 WL 4902326 at *6 (internal citations omitted). *Greenwich*, which Union ignores, is factually comparable and offers recent guidance from the Eastern District.

In *Greenwich*, the underlying state court actions involved two wrongful death suits arising out of a deadly vehicle collision. *Id*. at *1. The defendants were the surviving driver and his

employer, and the accident occurred while the driver was performing his employer's work for a third-party. *Id*. The third-party's insurer, plaintiff Greenwich Insurance, was not a party to either state court action. *Id*. There was a dispute whether the Greenwich insurance policy covered the state court defendants who tendered a settlement demand to Greenwich to resolve claims by the state court plaintiffs, even though neither state court action involved any issues of insurance coverage. *Id*. After denying coverage, Greenwich commenced a declaratory judgment action seeking a declaration it had no duty to indemnify either state court defendant. *Id*.

Even though Greenwich was not a party to the underlying state court cases at the time it filed its declaratory judgment action, nor did either state court case include the insurance coverage issue as alleged in Greenwich's complaint, the Eastern District still found the proceedings were parallel, reasoning: "once the state court determined liability, it was a *virtual certainty* that Greenwich and the scope of the [insurance] coverage will play important roles in subsequent proceedings in the state cases, because . . . a successful claimant in those cases will likely seek to collect on the [insurance policy] by garnishment []." *Greenwich Ins. Co.*, 2021 WL 4902326 at *4. This Court's decision to use its discretion was further influenced by Greenwich's statutory right to intervene in the Missouri state court case.[1] *Id*.

Ultimately, this Court found the declaratory action and state court proceedings parallel because the Missouri forum was "better situated to settle the complex state factual and legal issues." *Id*. This was because issues pertinent to deciding Greenwich's declaratory judgment action were still undetermined—such as the state court defendants' liability to plaintiffs; the relationship between insured and state court defendants; and if the insurance policy covered the state court defendants. *Id*. at *5.

---

[1] It is anticipated on April 3, 2023, Union's Motion to Intervene in the state court action will be granted, making Union a party to the underlying state court action.

3

Like *Greenwich*, the underlying state court action here is a parallel proceeding to Union's Complaint, which warrants this Court to use its discretion and dismiss or stay this action. The Defendants, and Union, are parties to both this action and the underlying state court action. Even though the underlying state court action does not yet include issues regarding Union's insurance coverage, once a judgment is entered against CSAC, the class will proceed in seeking a garnishment against Union.[2] (*See* Ex. 3 to Defendants' Memo in Support, ¶ 3.14). Further, the final judgment contemplated is not hypothetical or speculative as Union suggests. The Final Fairness Hearing is set for April 6, 2023—three days after the filing of this Reply.[3] No class members have timely excluded themselves or objected to the Settlement, and it is anticipated no class members will appear at the Final Fairness Hearing.

Because the underlying state court action is a parallel proceeding, this Court does not need to consider the *Scottsdale* factor-test before exercising its discretion to stay or dismiss Union's Complaint. *Greenwich Ins. Co.*, 2021 WL 4902326 at *5. However, even if the *Scottsdale* factors were relevant (they're not), they weigh in Defendants' favor. A declaratory judgment will not serve a useful purpose nor afford relief from the uncertainty of coverage without joining all class members as parties, weighing factors one and two in Defendants' favor. Factors three, four, and five weigh against Union as well, because Union is now a party to the underlying state court action, and the judgment there would allow the parties an opportunity to litigate the insurance coverage dispute, just like *Greenwich*.

---

[2] The Settlement calls for a judgment—which is a near certainty—and if there is no judgment, there is no need for coverage.

[3] Due to a portion of debtors and co-debtors inadvertently being excluded from CSAC's Class List, notice was not distributed in time to allow for these class members to opt out of or object to the Settlement within a thirty-day period, required by the Settlement. The Missouri State Court has set a Supplemental Fairness Hearing for May 23, 2023 for those supplemental class members.

## Conclusion

Defendants request this Court to dismiss Union's Complaint for Declaratory Judgment and for such further relief as the Court considers just, fair, and proper.

| **ONDERLAW, LLC** | **HEPLER BROOM LLC** |
|---|---|
| By: */s/ Martin L. Daesch* <br> Martin L. Daesch, #40494 <br> Jesse B. Rochman #60712 <br> Craig W. Richards #67262 <br> 110 E. Lockwood <br> St. Louis, MO 63119 <br> Phone: (314) 963-9000 <br> Fax: (314) 963-1700 <br> daesch@onderlaw.com <br> rochman@onderlaw.com <br> richards@onderlaw.com <br> *Counsel for Defendant Sade M. Crawford* | By: */s/ Charles N. Insler* <br> Thomas J. Magee (32871MO) <br> Charles N. Insler (58623MO) <br> 701 Market Street, Suite 1400 <br> St. Louis, MO 63101 <br> Phone: 314-241-6160 <br> Fax: 314-241-6116 <br> tm1@heplerbroom.com <br> cni@heplerbroom.com <br> *Counsel for Defendant CSAC, Inc.* |