UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNION INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:22-cv-01180-AGF |
| | ) | |
| v. | ) | |
| | ) | |
| CSAC, INC.,; and SADE M. CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

# UNION INSURANCE COMPANY'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS OR STAY

NOW COMES Plaintiff UNION INSURANCE COMPANY ("Union"), by and through the undersigned attorneys, and for its Sur-Reply to Defendants' Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment, it states as follows:

**SUR-REPLY**

**I. DEFENDANTS HAVE AGREED TO STAY THE UNDERLYING STATE COURT ACTION PENDING RESOLUTION OF THIS COVERAGE ACTION**

This is an insurance coverage action arising out of an underlying class action lawsuit styled *CSAC, Inc. v. Sade Crawford*, case number 1522-AC03346-02, which is pending in the 22nd Judicial Circuit Court for St. Louis City, Missouri (the "State Court Action"). Union filed this action for declaratory judgment seeking a judicial declaration that Union has and had no duty to defend or indemnify CSAC in connection with the underlying State Court Action. (Doc. #1).

On February 8, 2023, Defendants CSAC, Inc. ("CSAC") and Sade M. Crawford ("Crawford") filed a Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment (Doc. #28 and #29). Defendants' Motion requests that this Court abstain from exercising

1

jurisdiction over Union's declaratory judgment action because "[t]he insurance coverage issue asserted by Union…can be more appropriately adjudicated in the pending parallel state court action styled *CSAC, Inc. v. Sade Crawford*, case number 1522-AC03346-02, which is pending in the 22nd Judicial Circuit Court for St. Louis City, Missouri…." (Doc. #28, p.1, PageID #1101).

Union filed its Suggestions in Opposition to Defendants' Motion to Dismiss or Stay on March 8, 2023. (Doc. #35). Contemporaneous with filing its Opposition to Defendants' Motion in this Court, Union also filed a Motion to Intervene, as a matter of right, in the State Court Action for purposes of staying the underlying litigation until Union's coverage obligations are decided in this coverage action, or alternatively, for the limited purposes of participating in and contesting the unopposed "Judgment" against CSAC contemplated by the parties prior settlement. *See* Motion to Intervene attached as **Exhibit A**, p.2-3. As set forth in its Motion to Intervene, "**Union's intervention in [the State Court Action] is not intended to address or decide any coverage issue or duties under the Union Policies, which will be decided separately in the Coverage Action.**" *Id*. (emphasis in original).

On March 23, 2023, Union also filed a Motion to Stay the State Court Action, in part. Union sought to stay that portion of the State Court Action related to the preliminary settlement between CSAC and Crawford that seeks to permit the class to take a judgment against CSAC in an amount to be determined by the state court and potentially satisfied by Union's insurance coverage (if any), pending resolution of the coverage claims in this action. *See* Motion to Stay attached as **Exhibit B**, p. 2-3. To be clear, Union did not request that the state court stay the entirety of the proposed class action settlement or the anticipated fairness hearing. Rather, Union only sought to stay that portion of the state court proceedings and proposed settlement that contemplate the class obtaining a non-contested, future judgment for "additional damages" against

CSAC as determined by the Court and potentially to be satisfied by Union's insurance. *Id*. Per the settlement between CSAC and Crawford, the class is already receiving $1,575,000 in settlement of its claims with CSAC and at least two other insurers. Union does not seek to challenge or stay this portion of the settlement, which will be paid by other parties.

Defendants CSAC and Crawford **did not** oppose Union's Motion to Intervene or Motion to Stay the State Court Action. In fact, on March 30, 2023, counsel for Union, CSAC, and the Crawford class appeared in the State Court Action and consented to the granting of Union's Motion to Intervene and Motion to Stay. On April 3, 2023, Judge Calea Stovall-Reid entered an Order in the State Court Action granting Union's Motion to Intervene and Motion to Stay the State Court Action. *See* April 3, 2023, Order attached as **Exhibit C**. In granting Union's Motion to Stay, the April 3, 2023, Order provides that "The Court stays that portion of CSAC and the Class's settlement that seeks to permit the Class to take a judgment against CSAC in an amount to be determined by the Court and potentially satisfied by Union's insurance coverage **until the related Coverage Action is resolved**." Exh. C., Order, p.2 (emphasis added).

On April 3, 2023, Defendants' filed a Reply in Support of their Motion to Dismiss in this action. (Doc. # 38). The Reply fails to address or acknowledge Judge Stovall-Reid's stay of the State Court Action, or that Defendants' actually agreed and consented to the relief sought in Union's Motion to Stay, including that the State Court Action be stayed (in part) until the related Coverage Action, in this Court, is resolved. Notably, Defendants' agreement to stay the State Court Action occurred on March 30th, prior to filing of Defendants' Reply (although the Order itself was not signed until April 3rd).

At a minimum, Defendants' arguments in their Reply (and Motion to Dismiss generally) are inconsistent with their position in the State Court Action and prior consent to stay the State

Court Action **in favor of this declaratory judgment action.** In short, Defendants have agreed to a stay of the underlying State Court Action so that the coverage issues raised in Union's Complaint can be decided in this Court, before additional and potentially unnecessary time and money is spent on litigating additional liability and damages issues in the underlying State Court Action.

Defendants should be estopped from taking inconsistent positions in both this Court and the State Court Action. "Judicial estoppel precludes a party from taking inconsistent positions in the same or related litigations." *Estate of Buder v. United States*, 372 F. Supp. 2d 1145, 1155 (E.D. Mo. 2005) citing *New Hampshire v. Maine,* 532 U.S. 742, 749, 149 L. Ed. 2d 968, 121 S. Ct. 1808 (2001); *Hossaini v. W. Mo. Med. Ctr.*, 140 F.3d 1140, 1143 (8th Cir. 1998) ("The underlying purpose of the doctrine is 'to protect the integrity of the judicial process.'"). Given their position in the State Court Action, Defendants should now be estopped from arguing that (1) this Court is an improper forum to decide Union's declaratory complaint, (2) that the State Court Action will or should decide those coverage issues raised in Union's Complaint, or (3) that the declaratory judgment sought here will not serve a useful purpose in clarifying and settling the legal dispute between the parties. Similarly, Defendants should be estopped from continuing to argue that a declaratory judgment in this Court will not afford proper relief from uncertainty, that the State Court Action is more efficient to resolve the insurance coverage issues, or that there are overlapping issues in the state and federal court cases prohibiting this Court from deciding the coverage issues.

Simply put, Defendants cannot have it both ways. Defendants previously argued that this Court should dismiss or stay Union's coverage action because the coverage issues should be addressed in the State Court Action. Subsequently, Defendants advised the state court and Judge Stovall-Reid that Defendants agreed with Union that the State Court Action should be stayed so

that the insurance coverage issues can be decided here, in this Court, before further proceedings on liability and damages in the State Court Action.[1] Per the parties' agreement (and representations made in the State Court Action), Judge Stovall-Reid granted Union's Motion to Stay, staying the State Court Action (in part), until this coverage action is resolved. Exh. C., Order, p.2. Given these developments, and Defendants' recent change in position, the Court should deny Defendants' Motion to Dismiss or Stay Union's Complaint for Declaratory Judgment.

## II. RETAINING JURISDICTION OVER THIS COVERAGE ACTION PROMOTES JUDICIAL ECONOMY AND EFFICIENCY, AND AVOIDS UNNECESSARY WASTE OF JUDICIAL AND PARTY RESOURCES

The purpose of Union's request to stay the State Court Action, in part, was so that a determination of coverage can be made by this Court, in this coverage action *before* the time and expense of additional litigation contemplated by the parties' Settlement is required. *See* Exh. B., p.2-3 ("Union requests this stay be granted pending resolution of the Coverage Action."). In this case, Union seeks a judicial declaration of its rights and obligations to CSAC under the subject Union insurance policies, and specifically, that Union has and had no duty to defend or indemnify CSAC in connection with the underlying State Court Action. If successful, further proceedings against Union in the State Court Action would be moot. Similarly, to the extent this Court does not grant Union the relief sought in its entirety, it is likely that the Court's determination would significantly narrow the scope of potentially covered claims or damages, which, in turn, would narrow and expedite future litigation between the parties in state court. Retaining jurisdiction over Union's Complaint for Declaratory Judgment, especially in light of the recent stay of the State

---

[1] It remains Union's position that the State Court Action is not a "parallel proceeding" in that the State Court Action involves issues regarding CSAC's liability and potential damages, and not insurance related claims or coverage under Union's insurance policies. *See* Union's Suggestions in Opposition, pp. 6-8.

Court Action, promotes judicial economy and efficiency, and avoids unnecessary waste of time and resources of both the parties and the Court.

Seeking a stay of underlying tort case while pursuing a declaratory judgment action to determine potentially available insurance coverage is the exact procedure the Missouri Court of Appeals has suggested insurers and courts should follow in this circumstance. For instance, in *U-Haul v. Carter*, 567 S.W.3d 680 (Mo. App. W.D. 2019) the trial court denied a motion to stay an underlying tort action that was filed to allow a related insurance coverage case to be decided first. The Court of Appeals criticized the trial court's decision in this regard and <u>reversed</u> the trial court. "Missouri courts have expressly advised that insurers with good faith coverage questions in similar scenarios should file a declaratory judgment action simultaneous to the underlying personal injury action and seek a stay of the personal injury lawsuit proceedings until the declaratory judgment action is decided. This advice from Missouri's appellate courts rings hollow when insurers follow such advice and they are denied the remedy we have recommended to them." *U-Haul* at 683 n.4; *see also Geiler v. Liberty Ins. Corp.*, 621 S.W.3d 536, 544 f.n. 2 (Mo. App. W.D. 2021). The Missouri Court of Appeals, Eastern District, echoed these points in *Loveland v. Austin,* 626 S.W.3d 716, 723 f.n. 9 (Mo. App. E.D. 2021) (citing *U-Haul* and *Geiler* with approval).

Union has done exactly what the Missouri Court of Appeals has requested insurers in its predicament do. Union initially requested that CSAC withdraw its tender of coverage given that the litigation had commenced several years prior to issuance of the Union Policies, and the policies otherwise did not provide coverage. CSAC instead proposed, and the parties entered into, a "tolling agreement," which specifically prohibited CSAC from entering into or agreeing to a consent judgment or agreement assigning or purporting to assign rights or claims to the class like the one at issue here. CSAC later terminated the tolling agreement, at which point Union renewed

its request that CSAC withdraw the tender. CSAC again refused, and Union initiated this declaratory judgment to determine its coverage obligations to CSAC and the class, which is now pending before this Court. There is no question that the prerequisites for jurisdiction are satisfied, and that venue is proper in this Court. Accordingly, Defendants' Motion should be denied.

**III.     CONCLUSION AND RELIEF REQUESTED**

Defendants have now consented to Union's request to stay the underlying State Court Action so that the insurance coverage issues and Union's rights and obligations to CSAC can be determined in this Court. The state court has agreed, and Judge Stovall-Reid has stayed the State Court Action pending resolution of this coverage action. For the foregoing reasons, and for those reasons set forth in more detail in Union's Suggestions in Opposition (Doc. #35), Defendants' "Rule 12(b)" Motion to Dismiss or Stay should be denied.

Dated this ____ day of April, 2023.

Respectfully submitted,

*/s/ Jason M. Taylor*

_____

Dana A. Rice (*admitted pro hac vice*)
drice@tlsslaw.com
Jason M. Taylor (*admitted pro hac vice*)
jtaylor@tlsslaw.com
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
71 S. Wacker Dr., Ste. 2110
Chicago, Illinois 60603
312.332.3900
312.332.3908 (f)

and

Scott Hofer
shofer@bakersterchi.com
Kevin D. Brooks

kbrooks@bakersterchi.com
Baker Sterchi Cowden & Rice LLC
1200 Main Street, Suite 2200
Kansas City, Missouri 64105
816.472.7474

*Attorneys for Plaintiff UNION INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April ___, 2023, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/*
_____