UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNION INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01180-AGF |
| | ) | |
| CSAC, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants CSAC, Inc.

("CSAC") and Sade M. Crawford to dismiss this case, or in the alternative, to stay the

case.  (Doc. No. 28).  The parties have fully briefed the matter, and it is now ready for

disposition.  For the reasons outlined below, the Court will deny the motion to dismiss.

**Background**

This case concerns the extent of Plaintiff's obligation to provide insurance

coverage to CSAC for a class action lawsuit against it pending in the Twenty-Second

Judicial Circuit Court for St. Louis City, Missouri (the "Circuit Court").  (Doc. No. 29 at

1).  The underlying class action arose when Ms. Crawford defaulted on a car loan she

obtained through CSAC.  *Id*.  CSAC repossessed and sold the car for less than the

outstanding value of the loan, before filing suit against Ms. Crawford for the remainder of

the balance.  *Id*. at 1-2.  Ms. Crawford then filed a counterclaim for herself and a class of

similarly situated consumers, alleging an unlawful pattern of wrongdoing in CSAC's

1

collection, enforcement, and disposition of collateral.  *Id*. at 2.  Ms. Crawford moved for class certification, and the Circuit Court granted the motion.  *Id*.

CSAC advised Plaintiff of Ms. Crawford's claims and the certification of the class on June 20, 2020 and requested to know whether Plaintiff would provide coverage for the case.  (Doc. No. 29 at 3).  Plaintiff denied coverage on February 18, 2021.  *Id*. Nevertheless, on November 4, 2022, CSAC and Ms. Crawford entered a "Class Action Settlement Agreement and Release" (the "Settlement"), which (i) provided for CSAC to cause its insurers – apparently certain other insurers – to pay $1,575,00 into a qualified fund, and (ii) permitted the class to take a judgment against CSAC in an amount to be determined by the state court and to be satisfied by CSAC's insurers, presumably including Plaintiff.  *Id*.  The Circuit Court granted preliminary approval of the Settlement on December 6, 2022. *Id*.

On November 7, 2022, Plaintiff filed suit in this Court for a declaratory judgment that it does not owe CSAC insurance coverage related to the state court class action. (Doc. No. 1).  Defendants filed their motion to dismiss or stay this case on February 28, 2022, arguing that this Court should exercise its discretion to decline to enter a declaratory judgment where there is a pending parallel action in state court.  (Doc. No. 29 at 3).  As the parties briefed the motion to dismiss in this Court, state court class action continued to proceed.

On March 8, 2023, Plaintiff filed a Motion to Intervene in the state court class action.  (Doc. No. 41 at 2).  Plaintiff filed the motion for the purpose of staying the class action until this Court determined its coverage obligations.  *Id*.  It then filed a motion to

2

stay the state court action in part on March 23, 2023, pending resolution of the claims at issue before this Court.  *Id*.  Defendants did not oppose either motion.  *Id*.  Instead, on March 30, 2023, the parties jointly consented to the granting of both motions.  *Id*.  The Circuit Court thereafter granted the motion to stay on April 3, 2023, and provided that the "portion of CSAC and the Class's settlement that seeks to permit the Class to take a judgment against CSAC in an amount to be determined by the Court and potentially satisfied by Union's insurance coverage" is stayed "until the related Coverage Action is resolved." *Id*. at 3.

**Legal Standards**

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201.  It is well-established that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)).

The Supreme Court held in *Wilton* that the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding is the discretionary standard set forth in *Brillhart*. *Wilton*, 515 U.S. at 282; *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (finding that a federal court has broad discretion to abstain from exercising jurisdiction in a declaratory judgment action); *Scottsdale Ins. Co. v. Detco*

3

*Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).  Under *Brillhart*, "[t]he key consideration for the district court is " 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'"  *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)).  If a district court finds the cases are parallel and that the issues in the federal action can be better settled by the state court, the district court must abstain "because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"  *Capitol Indem. Corp.,* 218 F.3d at 874-75 (citing *Brillhart,* 316 U.S. at 495).

The threshold issue for determining the extent of a court's discretion to stay a declaratory judgment action is whether the state court lawsuit is parallel to the case in federal court.  *See Burgett v. Hellickson*, Case No. 4:16CV00622 AGF, 2016 WL 7230429, at *3 (E.D. Mo. Dec. 14, 2016) (citing *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013)).  State and federal proceedings are parallel if they involve the same parties, or if the parties to the federal suit may be subject to the state court action, and if the state action is "likely to fully and satisfactorily resolve the dispute or uncertainty at the heart of the declaratory judgment action."  *Id*. (citing *Lexington Ins. Co.*, 721 F.3d at 968; *Scottsdale Ins. Co.*, 426 F.3d at 997)).  If the Court finds that the state and federal proceedings are not parallel, it will turn to a six-factor test to determine whether retaining jurisdiction over the case is in the interests of judicial economy.  *See*

*Scottsdale Ins. Co.*, 426 F.3d at 998.

**Discussion**

As an initial matter, Plaintiff argues that Defendants should be estopped from taking a position in this Court inconsistent with the position they have put forward in the Circuit Court.  (Doc. No. 41, at 4).  As Defendants consented to a stay of the determination of whether CSAC can settle the class action claim through Plaintiff's insurance coverage in the Circuit Court, Plaintiff contends that Defendants are now judicially estopped from arguing: (i) that this Court is an improper forum to decide Plaintiff's declaratory judgment action, (ii) that the state class action will decide the coverage issues in Plaintiff's complaint before this Court, or (iii) that the declaratory judgment will not serve a useful purpose in clarifying and settling the legal dispute between the parties.  *Id*.

Judicial estoppel prevents a party who assumes a position in one legal proceeding from later assuming a contrary position.  *See Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018) (internal quotations omitted).  The Court considers three factors when determining whether a party is judicial estopped from taking a certain position: (i) whether the party's later position is clearly inconsistent with its earlier position; (ii) whether the party succeeded in persuading a court to accept the party's earlier position, such that judicial acceptance of an inconsistent position would create the perception that one of the two courts was mislead; and (iii) whether the party seeking to assert an inconsistent position would gain an unfair advantage if not estopped.  *See New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001) (internal quotations omitted).

5

Defendants' consent to stay consideration of the issue of Plaintiff's insurance coverage in state court pending this Court's resolution of the declaratory judgment is clearly inconsistent with its position here that this Court should stay the declaratory judgment pending the state court's resolution of the class action. The parties jointly succeeded in persuading the Circuit Court to issue a stay pending a determination of the coverage issue in this Court, and any argument to stay proceedings in this Court would be misleading to the Circuit Court. Finally, if not estopped, Defendants may gain an unfair advantage in the Circuit Court, as the parties already agreed this Court would decide the issue of Plaintiff's insurance coverage obligations. The Circuit Court may decide to rule on the Settlement without further consideration of that issue. The Court therefore finds that Defendants are judicially estopped from arguing: (i) that this Court is an improper forum to decide Plaintiff's declaratory judgment action, (ii) that the state class action will decide the coverage issues in Plaintiff's complaint before this Court, or (iii) that the declaratory judgment will not serve a useful purpose in clarifying and settling the legal dispute between the parties.

Because Defendants are estopped from arguing that the Circuit Court will decide the coverage issues and has agreed that this Court will determine coverage, the Court finds that this case and the class action are not parallel proceedings. Even absent estoppel, the Court would find these actions are not parallel. The state court action addressed CSAS's liability and potential damages for its alleged failure to comply with it statutory and other duties. The instant action addresses only the issue of insurance coverage under specified policies. And the state court has now determined to stay any

proceedings that may impact Plaintiff pending a determination in this Court.

Nor does the six-factor test in *Scottsdale Ins. Co.* support issuance of a stay. Absent parallel proceedings, when determining whether a stay of a declaratory judgment case is in the interests of judicial economy, courts consider: (i) whether the declaratory judgment will serve a useful purpose in clarifying and settling the legal dispute between the parties, (ii) whether the declaratory judgment will afford relief from the uncertainty or controversy giving rise to the federal proceeding, (iii) the strength of the state's interest in having the issues raised in the declaratory judgment action be heard in state court, (iv) whether the issues raised in the federal action can be more efficiently resolved in state court, (v) whether permitting the federal action to go forward would result in "unnecessary entanglement" between the courts because of overlapping issues of fact or law, and (vi) whether the federal action is being used as "a device for procedural fencing." *Id*. (internal quotations and marks omitted).

Here, there can be little dispute that the declaratory judgment action will help clarify or settle a legal dispute between the parties, the first two *Scottsdale* factors, and Defendants are estopped to contend otherwise.  As the parties and the state court have already determined it is appropriate to stay the state court proceedings pending a determination of the coverage question in this Court – and the coverage issue is not currently before the state court – the fourth and fifth *Scottsdale* factors also weigh against abstention.   With regard to the third factor, Missouri state courts have no special interest in "resolving routine insurance policy construction disputes and issues of Missouri contract law" commonly at issue in federal declaratory judgment cases.  *See Amco Ins.*

*Co. v. Columbia Maintenance Co.*, Case No. 4:19-cv-02202-SRC, 2020 WL 1170232, at *3 (E.D. Mo. Mar. 11, 2020) (internal quotations omitted); *see also U-Haul v. Carter*, 567 S.W.3d 680, 683 and n.4 (Mo. App. W.D. 2021) (internal citations omitted) (recognizing the propriety of insurers with good faith coverage questions filing a declaratory judgment action and moving to stay an underlying injury action).

Defendants argue that this Court should follow the holding in *Greenwich Insurance Company v. Matt Muray Trucking*, No. 4:21 CV 202 DDN, 2021 WL 4902326, at *6 (E.D. Mo. Oct. 21, 2021) in which the Court found that Missouri had a strong interest in hearing the issues raised in the federal declaratory judgment case.  (Doc. No. 29 at 6-7).  However, in that case, the Court noted that the case involved questions of the plaintiff's obligation to cover negligent drivers it did not insure.  *Id*.  The federal action therefore concerned questions regarding defendants in both federal and state court cases.  *Id*.  The same concerns are not present here, where Plaintiff has asked this Court to determine the extent of its obligation to cover CSAC only.  Thus, the third factor weighs in Plaintiff's favor.

Nor does the Court accept Defendants' assertions that Plaintiff is engaged in "procedural fencing" to obtain a judgment it can use to preclude Defendants from arguing it owes them coverage for the class action.  (Doc. No.  29 at 7).  Defendants provide no evidence for this claim, other than an assertion that Plaintiffs filed this suit the day that Defendants first sought approval of the Settlement.  *Id*.  However, the issue of coverage was not then before the Circuit Court, and Plaintiff is not asking this Court to make factual determinations material to the liability and damages claims the parties asserted in

the state court action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss or to stay is

**DENIED**.  (Doc. No. 28).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2023.

9