**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNION INSURANCE COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:22-cv-01180 |
| | ) | |
| v. | ) | |
| | ) | |
| CSAC, INC. and SADE M. | ) | |
| CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SADE M. CRAWFORD'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Sade M. Crawford ("Crawford") by and through the undersigned attorneys, and for her Answer to Plaintiff Union Insurance Company's ("Plaintiff's") Complaint and her Affirmative Defenses.

### ANSWER

1.      Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

2.      Denied.

3.      Denied.

4.      Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

5.      Admit.

6.      Crawford admits she is a citizen and resident of St. Louis City, Missouri and is the court-appointed class representative in the litigation styled *CSAC, Inc. v. Sade Crawford*, case number 1522- AC03346-02. The allegation that Crawford is "a necessary party pursuant to Rule

1

19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case" is a legal conclusion to which no response is required. Crawford has insufficient information to admit or deny whether Plaintiff "will voluntarily dismiss Crawford from this action" if CSAC executes a stipulation to be bound by any judgment, and therefore, denies same under Rule 8(b)(5).

7. Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

8. Crawford is without sufficient information at this time to determine whether venue is proper in this Court, and therefore, under Rule 8(b)(5) denies same.

9. Admit.

10. Crawford admits CSAC repossessed and sold her car before CSAC sued her and that CSAC mailed her a presale and post-sale notice related to the repossession. However, Crawford denies that CSAC mailed her notices in compliance with Missouri law or that any deficiency resulted from CSAC's sale of the car.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

24.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

25.     Crawford is without sufficient information to form a belief as to the truth of the averment that "[t]he 2019-20 Policy and the 2020-21 Policy include an identical coverage form and insuring agreement, and many of the same policy endorsements and attachments," and thus under Rule 8(b)(5) denies same. The remainder of the paragraph sets forth characterizations of Plaintiff's lawsuit to which no response is required.

26.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

27.     Denied.

28.     Admit that Plaintiff appears to have cited correctly a portion of the documents attached to its petition. Denied at present this is an accurate or authentic copy of said documents, as Crawford is without sufficient information to form a belief as to the truth of the averment of same, and thus under Rule 8(b)(5) denies same. Further, the policy must be read as a whole.

29.     Admit that CSAC is the only defendant named in Crawford's original and amended Counterclaims.

30.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

31.     Denied.

32.     Plaintiff's document identified as "2019-20 Policy" speaks for itself and Crawford denies all allegations that are inconsistent with that document. Crawford specifically denies that CSAC is not entitled to coverage under the "2019-20 Policy."

33.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph because Plaintiff does not identify what document it purports to quote, and therefore, Crawford denies same.

34.     The "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

35.     Denied.

36.     Admit that Crawford alleged CSAC's presale and post-sale notices were defective because they included inaccurate and misleading information due to CSAC's failure to comply with the UCC and applicable law. Denied that CSAC's defective notices resulted in the repossession of the class members' vehicles.

37.     Denied.

38.     Denied.

39.     Denied.

40.     The "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

4

41.     Crawford admits she filed her Second Amended Complaint in September 2019. Regarding the beginning of the "inception of the 2020-21 Policy period," the "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

42.     Crawford admits the underlying trial court granted her motion for class certification on January 31, 2020. Regarding the beginning of the "inception of the 2020-21 Policy period," the "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

43.     Denied.

44.     Denied.

45.     Plaintiff's document identified as "2020-21 Policy" speaks for itself and Crawford denies all allegations that are inconsistent with that document.

46.     Plaintiff's document identified as "2020-21 Policy" speaks for itself and Crawford denies all allegations that are inconsistent with that document.

47.      Plaintiff's document identified as "2020-21 Policy" speaks for itself and Crawford denies all allegations that are inconsistent with that document.

48.     Crawford admits she filed her Second Amended Complaint in September 2019. Regarding the beginning of the "inception of the 2020-21 Policy period," the "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

49.     Crawford admits the underlying trial court granted her motion for class certification on January 31, 2020. Regarding the beginning of the "inception of the 2020-21 Policy period," the

"Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

50.     Denied.

51.     The "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

52.     Denied.

53.     The "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

54.     The "Union Policies" identified by Plaintiff speak for themselves and Crawford denies all allegations that are inconsistent with those documents.

55.     Crawford admits the Second Amended Counterclaim alleges CSAC reported false and derogatory information about class members to various credit reporting agencies. However, Crawford denies the conduct complained of in the lawsuit "necessarily, took place prior to the inception of the 2020-21 Policy period."

56.     Crawford admits "the Second Amended Counterclaim satisfies the Insuring Agreement under Coverage B" but denies that the "exclusions" referenced by Plaintiff bar coverage.

57.     Crawford incorporates by reference her responses to paragraphs 1 through 56 above as if fully set forth herein.

58.     Denied. Crawford counterclaimed against the named plaintiff identified as "CSAC, Inc."

59.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

60.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

61.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

62.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same. The policies provided are not certified policies.

63.     Crawford incorporates by reference her responses to paragraphs 1 through 62 above as if fully set forth herein.

64.     Admit.

65.     The "First Amended Counterclaim" referenced by Plaintiff speaks for itself and Crawford denies all allegations that are inconsistent with that document.

66.     Admit.

67.     Denied.

68.     Admit.

69.     The "2020-21 Policy" referenced by Plaintiff speaks for itself and Crawford denies all allegations that are inconsistent with that document.

70.     Admit that CSAC was properly served with Crawford's original and amended counterclaims, including the First Amended Counterclaim and Second Amended Counterclaim, filed answers/replies to each counterclaim, and actively participated in the underlying litigation and counterclaims asserted against CSAC.

71.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

72.     Crawford is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

73.     This averment states a legal conclusion and to the extent a response is required, denied.

74.     Denied.

75.     Crawford incorporates by reference her responses to paragraphs 1 through 74 as if fully set forth herein.

76.     Denied.

77.     Crawford incorporates by reference her responses to paragraphs 1 through 76 as if fully set forth herein.

78.     Denied.

## **AFFIRMATIVE DEFENSES**

Defendant Crawford further alleges the following affirmative defenses. Plaintiff bears the burden of proof on all elements of its claims and causes of action. Note that some of these "defenses" may not be true affirmative defenses because Plaintiff carries the burden. Said defenses are included here out of an abundance of caution and shall not be construed as an admission or

acceptance of any burden of proof, or shifting of the burden of proof, not otherwise required by law:

COMES NOW Defendant Crawford, and would assert the following affirmative defenses, with reservation of any other defenses that become apparent throughout the case:

A.    The petition fails to state a claim upon which relief can be granted.

B.    The contracts of insurance when read in total and when all provisions are considered, provides coverage for the claim(s) in the underlying state court action.

C.    The contracts of insurance are ambiguous, requiring interpretation in favor of the insured, which provides coverage for the claim(s) in the underlying state court action.

D.    The contracts of insurance provided to defendant CSAC provide coverage for the risk at issue, and any attempt by Plaintiff to read its policies in such a way as to exclude coverage for claims based upon the conduct at issue would render such coverage illusory and is thus an improper interpretation of the policy.

E.    Should any provision of the contracts appear to exclude coverage for the claim(s) in the state court action, such provisions of the policy are void, unenforceable, illegal, and/or illusory.

F.  Defendant Crawford reserves the right to present new defenses as they become known.

Dates this 3rd day of July, 2023.             Respectfully submitted,

                                              **ONDERLAW, LLC**

                                      By:     */s/ Martin L. Daesch*
                                              Martin L. Daesch, #40494
                                              Jesse B. Rochman #60712
                                              Craig W. Richards #67262
                                              110 E. Lockwood
                                              St. Louis, MO 63119
                                              (314) 963-9000
                                              (314) 963-1700 facsimile
                                              daesch@onderlaw.com
                                              rochman@onderlaw.com
                                              richards@onderlaw.com
                                              *Attorneys for Sade M. Crawford*