**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNION INSURANCE COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:22-cv-01180 AGF |
| | ) | |
| v. | ) | |
| | ) | |
| CSAC, INC., and SADE M. | ) | |
| CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT CSAC, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

COMES NOW Defendant CSAC, Inc. ("CSAC") by and through the undersigned attorneys, and for its Answer to Plaintiff Union Insurance Company's ("Plaintiff's") Complaint and its Affirmative Defenses.

<u>**ANSWER**</u>

1.      CSAC admits Plaintiff is an insurance company that issued two consecutive Commercial Lines Polices to Schicker Automotive Group, among others, providing commercial general liability coverage for the policy period of Mary 18, 2019, to May 18, 2020, and May 18, 2020, to May 18, 2021, respectively. However, CSAC denies the remaining allegations in this paragraph.

2.      Denied.

3.      Denied.

4.      CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

5.      Admit.

6. CSAC admits Crawford is a citizen and resident of St. Louis City, Missouri and is the court-appointed class representative in the litigation styled *CSAC, Inc. v. Sade Crawford*, case number 1522-AC03346-02. The allegation that Crawford is "a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case" is a legal conclusion to which no response is required. CSAC has insufficient information to admit or deny whether Plaintiff "will voluntarily dismiss Crawford from this action" if CSAC executes a stipulation to be bound by any judgment, and therefore, denies same under Rule 8(b)(5). CSAC denies the remaining allegations in this paragraph.

7. CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

8. CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

9. Denied.

10. This paragraph contains legal conclusions to which no response is required. If a response is required, CSAC admits it mailed Crawford presale and post-sale notices after repossessing and selling her car. CSAC denies the remaining allegations in this paragraph.

11. Admit.

12. CSAC admits the "First Amended Counterclaim" was filed on August 22, 2017. The "First Amended Counterclaim" speaks for itself and the remaining allegations are denied to the extent they are inconsistent with the document.

13. The "First Amended Counterclaim" speaks for itself and the allegations are denied to the extent they are inconsistent with the document.

14. Admit.

15.     CSAC admits the "Second Amended Counterclaim" was filed on September 30, 2019. The "Second Amended Counterclaim" speaks for itself and the remaining allegations are denied to the extent they are inconsistent with the document.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     The Second Amended Counterclaim speaks for itself, so CSAC denies the allegations in this paragraph to the extent they conflict with the Second Amended Counterclaim.

22.     Admit.

23.     CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

24.     CSAC admits Plaintiff issued two consecutive Commercial Lines Policies, policy numbers CPA 3221921-20 and CPA 3221921-21, to Schicker Automotive Group and other scheduled Insureds, for the policy periods of May 18, 2019, through May 18, 2020 (the "2019-20 Policy"), and May 18, 2020, through May 18, 2021 (the "2020-21 Policy"), respectively. CSAC is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, and thus under Rule 8(b)(5), denies same. The policies provided are not certified policies.

25.     CSAC is without sufficient information to form a belief as to the truth of the averment that "[t]he 2019-20 Policy and the 2020-21 Policy include an identical coverage form and insuring agreement, and many of the same policy endorsements and attachments," and thus

3

under Rule 8(b)(5) denies same. The remainder of the paragraph sets forth characterizations of Plaintiff's lawsuit to which no response is required.

26.     CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

27.     Denied.

28.     Admit that Plaintiff appears to have cited correctly a portion of the documents attached to its petition. Denied at present this is an accurate or authentic copy of said documents, as CSAC is without sufficient information to form a belief as to the truth of the averment of same, and thus under Rule 8(b)(5) denies same. Further, the policy must be read as a whole.

29.     Denied. The Counterclaims were brought against CSAC and its predecessors or successors. The remaining allegations of this paragraph are denied.

30.     Denied.

31.     Denied.

32.     Plaintiff's document identified as "2019-20 Policy" speaks for itself and CSAC denies all allegations that are inconsistent with that document. CSAC specifically denies that it is not entitled to coverage under the "2019-20 Policy."

33.     CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph because Plaintiff does not identify what document it purports to quote, and therefore, CSAC denies same.

34.     The "Union Policies" identified by Plaintiff speak for themselves and CSAC denies all allegations that are inconsistent with those documents.

35.     Denied.

36.     Admit that Crawford alleged the presale and post-sale notices were defective because they included inaccurate and misleading information due to a failure to comply with the UCC and applicable law. Denied that CSAC's defective presale and post-sale notices resulted in the repossession of the class members' vehicles.

37.     Denied.

38.     Denied.

39.     Denied.

40.     The "Union Policies" identified by Plaintiff speak for themselves and CSAC denies all allegations that are inconsistent with those documents.

41.     Admit.

42.     Admit as to the original certification by the trial court, but otherwise denied.

43.     Denied.

44.     Denied.

45.     Plaintiff's document identified as "2020-21" Policy speaks for itself and CSAC denies all allegations inconsistent with that document.

46.     Plaintiff's document identified as "2020-21" Policy speaks for itself and CSAC denies all allegations inconsistent with that document.

47.     Plaintiff's document identified as "2020-21" Policy speaks for itself and CSAC denies all allegations inconsistent with that document.

48.     Admit.

49.     Admit as to the original certification by the trial court, but otherwise denied.

50.     Denied.

51.     The "Union Policies" identified by Plaintiff speak for themselves and CSAC denies all allegations that are inconsistent with those documents.

52.     The "Union Policies" identified by Plaintiff speak for themselves and CSAC denies all allegations that are inconsistent with those documents.

53.     The "Union Policies" identified by Plaintiff speak for themselves and CSAC denies all allegations that are inconsistent with those documents.

54.     Admit.

55.     CSAC admits the Second Amended Counterclaim alleges CSAC reported false and derogatory information about class members to various credit reporting agencies. However, CSAC denies the conduct complained of in the lawsuit "necessarily, took place prior to the inception of the 2020-21 Policy period."

56.     CSAC admits "the Second Amended Counterclaim satisfies the Insuring Agreement under Coverage B" but denies that the "exclusions" referenced by Plaintiff bar coverage.

57.     CSAC incorporates by reference its responses to paragraphs 1 through 56 above as if fully set forth herein.

58.     Denied. The Counterclaims were brought against CSAC and its predecessors or successors. The remaining allegations of this paragraph are denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     CSAC incorporates by reference its responses to paragraphs 1 through 62 above as if fully set forth herein.

64.     Admit.

65.     The "First Amended Counterclaim" referenced by Plaintiff speaks for itself and CSAC denies all allegations that are inconsistent with that document.

66.     CSAC admits the Second Amended Counterclaim was filed on September 19, 2019. The "Second Amended Counterclaim" referenced by Plaintiff speaks for itself and CSAC denies all remaining allegations that are inconsistent with that document.

67.     Denied.

68.     Admit.

69.     The "2020-21 Policy" referenced by Plaintiff speaks for itself and CSAC denies all allegations that are inconsistent with that document.

70.     Admit.

71.     CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

72.     CSAC is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

73.     This averment states a legal conclusion and to the extent a response is required, denied.

74.     Denied.

75.     CSAC incorporates by reference its responses to paragraphs 1 through 74 as if fully set forth herein.

76.     Denied.

7

77.     CSAC incorporates by reference its responses to paragraphs 1 through 76 as if fully set forth herein.

78.     Denied.

**AFFIRMATIVE DEFENSES**

Defendant CSAC further alleges the following affirmative defenses. Plaintiff bears the burden of proof on all elements of its claims and causes of action. Note that some of these "defenses" may not be true affirmative defenses because Plaintiff carries the burden. Said defenses are included here out of an abundance of caution and shall not be construed as an admission or acceptance of any burden of proof, or shifting of the burden of proof, not otherwise required by law:

COMES NOW Defendant CSAC, and would assert the following affirmative defenses, with reservation of any other defenses that become apparent throughout the case:

A.     The petition fails to state a claim upon which relief can be granted.

B.     The contracts of insurance when read in total and when all provisions are considered, provides coverage for the claim(s) in the underlying state court action.

C.     The contracts of insurance are ambiguous, requiring interpretation in favor of the insured, which provides coverage for the claim(s) in the underlying state court action.

D.     The contracts of insurance provided to CSAC provide coverage for the risk at issue, and any attempt by Plaintiff to read its policies in such a way as to exclude coverage for claims based upon the conduct at issue would render such coverage illusory and is thus an improper interpretation of the policy.

E.      Should any provision of the contracts appear to exclude coverage for the claim(s) in the state court action, such provisions of the policy are void, unenforceable, illegal, and/or illusory.

F.      Defendant CSAC reserves the right to present new defenses as they become known.

Respectfully submitted,

By:    */s/ Charles N. Insler*
       Thomas J. Magee (32871MO)
       Charles N. Insler (58623MO)
       HEPLER BROOM LLC
       701 Market Street, Suite 1400
       St. Louis, MO 63101
       Phone: 314-241-6160
       Fax: 314-241-6116
       tm1@heplerbroom.com
       cni@heplerbroom.com

       *Counsel for Defendant CSAC*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed with the Court on July 6, 2023.

*/s/ Charles N. Insler*
Charles N. Insler